J-S53023-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SCOTT MOORE | |
| Appellant | No. 126 MDA 2015 |

Appeal from the Order Entered December 11, 2014
In the Court of Common Pleas of Lackawanna County
Criminal Division at No(s): CP-35-CR-0003213-2006

BEFORE:  DONOHUE, J., OTT, J., and MUSMANNO, J.

MEMORANDUM BY OTT, J.:                    **FILED NOVEMBER 24, 2015**

Scott Moore appeals, *pro se*, from the order entered on December 11, 2014, in the Lackawanna County Court of Common Pleas, which dismissed his second petition for post-conviction collateral relief.[1]  Moore seeks relief from the judgment of sentence of an aggregate 14 to 40 years' imprisonment imposed on August 15, 2007, following a negotiated guilty plea agreement to one count each of rape of a child and involuntary deviate sexual intercourse with a child.[2]  Based on the following, we affirm.

The PCRA court set forth the facts and procedural history as follows:

_____

[1] ***See*** Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S. §§ 3121(c) and 3123(a)(7), respectively.

On March 26, 2007, [Moore] pled guilty to one count of rape of a child, one count of involuntary deviate intercourse with a child, and one count of indecent assault and in exchange the Commonwealth agreed to nolle prosse [sic] the other charges pending against [Moore]. These charges arose between November 2005 and November 2006 when [Moore] sexually assaulted his girlfriend's minor daughter. [Moore] filed a motion to withdraw his plea on May 16, 2007. On June 1, 2007, the court granted the motion, and [Moore] entered a new plea to one count of rape of a child, and one count of involuntary deviate intercourse with a child. On August 15, 2007, [Moore] was sentenced by this court to an aggregate sentence of 14 to 40 years. [Moore] was represented by Christopher Osborne, Esq.

On July 28, 2008, [Moore] filed his first Petition for Post Conviction Collateral Relief. Kurt Lynott, Esq. was appointed to represent [him]. On July 3, 2012 [Moore] filed another [*pro se*] petition. On May 28, 2013, Mr. Lynott filed a Motion to Withdraw as Counsel Pursuant to a Turner-Finley[3] Letter. On October 3, 2013, his motion was granted. Also on October 3, 2013, this court issued a [Pa.R.Crim.P. 907] Notice of Intent to Dismiss and on November 14, 2013, dismissed the petition.

PCRA Court Memorandum and Notice of Intent to Dismiss, 11/6/2014, at 1-2.[4]

On September 16, 2014, Moore filed a second, *pro se* PCRA petition. On November 6, 2014, the PCRA court issued its notice of its intention to dismiss the petition without a hearing pursuant to Rule 907. Moore did not

_____

[3] *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[4] On November 21, 2012, prior to the PCRA court's order dismissing Moore's petition, he filed a *pro se* notice of appeal. By *per curiam* order, this Court quashed his appeal because a final order had not been entered in the matter. *See* Order, 3/15/2013. He did not file another notice of appeal after the PCRA court dismissed his petition on November 14, 2013.

file a response. On December 11, 2014, the court entered an order, dismissing the petition. This appeal followed.[5]

Moore has identified 22 issues of contention in his appellate brief:

1. Did Christopher Osborne pressure [Moore] into the plea deal?

2. Did Osborne refuse to file any sentence-modification after being directed to by [Moore]?

3. Did Osborne refuse to file any direct appeal after the sentencing when requested to do so by [Moore]?

4. Is it true Osborne failed to obtain any discovery from the Commonwealth, and then go over with [Moore] the information so a defense could be built?

5. Did trial counsel fail to explain the plea deal th[o]roughly to [Moore]?

6. Did Osborne waive the preliminary hearing without [Moore] having any knowledge of what rights he was waiving by doing as such?

7. Did attorney Osborne promise [Moore] he would receive a lesser sentence than what he actually did?

8. Did attorney Osborne fail to put a motion in for [Moore] to receive a [second] opinion in determining him [to be] a sexually violent predator by a psychological expert?

9. Did attorney Osborne fail to contact [Moore] after sentencing, and waited until [he] was actually in a state facility before he made contact, which violated [Moore]'s appeal rights?

_____

[5] The court did not order Moore to file a concise statement of errors complained of on appeal under Pa.R.A.P. 1925(b). On March 10, 2015, the PCRA court issued an opinion under Pa.R.A.P. 1925(a), relying on its November 6, 2014, memorandum and Rule 907 notice.

10. Did attorney Osborne being a public defender tell [Moore] for $5,000[,] he could have evidence suppressed except he never did so, because [Moore] was unable to pay any amount to Osborne?

11. Did Judge Geroulo cause a miscarriage of justice by failing to inform [Moore] he had the right to have a [second] opinion by a psychologist expert to represent him in a hearing to determine him a[n] SVP?

12. Did Judge Geroulo fail to appoint competent counsel to represent [Moore] in the filing of his [second] PCRA [petition], and instead kept first counsel whom was appointed [four] years earlier on [Moore]'s case, when in fact the [second] PCRA [petition] raised ineffective counsel claims on the first appointed PCRA counsel being Mr. Lynott?

13. Did Judge Geroulo except a coerced plea?

14. Did PCRA counsel "Kurt Lynott" fail to amend [Moore]'s first PCRA [petition] … which was timely filed?

15. Did PCRA counsel, Lynott[,] wait until June 11th 2013 to file a [F]inley letter to withdraw from [Moore]'s case, when in fact [his second] PCRA [petition] raised ineffective claims of Mr. Lynott himself and was filed on July 3rd 2012, timely, since no order was ever granted on [the] first PCRA [petition] … which was filed almost [four] years earlier?

16. Is it true PCRA counsel, Lynott[,] abandoned [Moore] with his Post Conviction Relief [A]ct proceedings when in fact over a [four year] period time lapse occurred from the time 1st PCRA [petition] was filed, and the 2nd PCRA [petition] was filed and Mr. Lynott failed to give [Moore] any response as to what was occurring with the first PCRA [petition]?

17. Did PCRA counsel at one point, and only one point[,] respond to [Moore] and tell him his first PCRA [petition] was dismissed, when in fact, no ruling was ever made on such?

- 4 -

18. Was [Moore] pressured by trial counsel, Osborne, into taking a plea deal, due to the comments made by Mr. Osborne to [Moore]; "That if he payed [sic] him $5,000[,] he would have evidence suppressed and for $10,000[,] he would have the charges dismissed"; Mr. Osborne was a public defender and appointed by the courts; Did he [Osborne] violate his rights by trying to bribe [Moore]; as per did this cause prejudice and a conflict of interest, as per change the outcome of the proceedings?

19. Is it true [Moore] submitted various letters to … Mr. Lynott (PCRA counsel) trying to find out the status of his PCRA [petition], and counsel failed to respond to his requests?

20. Is it true, that [Moore] was filing his appeals timely and at his home facility being SCI Albion he was transferred to Michigan … which caused his appeals to become untimely?

21. Does [Moore] have an illegal sentence, and were his appellant [sic] rights violated as per has a "manifest injustice occurred"?

22. Should this court over-turn the PCRA court's denial and remand this case back to the trial court with specific instructions to allow [Moore] to have an evidentiary hearing to address these issues on the record with new compentent [sic] appointed counsel to represent him and hold the evidentiary hearing, video court?

Moore's Brief at 4a-5b.

Our standard of review is as follows:

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA court's decision is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

***Commonwealth v. Lawson***, 90 A.3d 1, 4 (Pa. Super. 2014) (citations omitted).

"Crucial to the determination of any PCRA appeal is the timeliness of the underlying petition. Thus, we must first determine whether the instant PCRA petition was timely filed." ***Commonwealth v. Smith***, 35 A.3d 766, 768 (Pa. Super. 2011), *appeal denied*, 53 A.3d 757 (Pa. 2012).

> The PCRA timeliness requirement … is mandatory and jurisdictional in nature. ***Commonwealth v. Taylor***, 933 A.2d 1035, 1038 (Pa. Super. 2007), *appeal denied*, 597 Pa. 715, 951 A.2d 1163 (2008) (citing ***Commonwealth v. Murray***, 562 Pa. 1, 753 A.2d 201, 203 (2000)). The court cannot ignore a petition's untimeliness and reach the merits of the petition. ***Id.***

***Commonwealth v. Taylor***, 67 A.3d 1245, 1248 (Pa. 2013), *cert. denied*, 134 S. Ct. 2695 (U.S. 2014).

A PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." 42 Pa.C.S. § 9545(b)(3). Here, Moore's judgment of sentence was entered on August 15, 2007. He did not file post-sentence motions or a direct appeal. Accordingly, his sentence became final on September 14, 2007, when his

time to file a direct appeal with this Court expired. **See** Pa.R.A.P. 903(a).[6]

Therefore, pursuant to Section 9545(b)(1), Moore had one year from the date his judgment of sentence became final to file a PCRA petition. **See Taylor**, **supra**. The instant petition was not filed until September 16, 2014, making it patently untimely.

An untimely PCRA petition may, nevertheless, be considered if one of the following three exceptions applies:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right ascertained is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i-iii). Furthermore, a PCRA petition alleging any of the exceptions under Section 9545(b)(1) must be filed within 60 days of the date when the PCRA claim could have first been brought. 42 Pa.C.S. § 9545(b)(2).

Moreover, we are mindful that "although this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally

---

[6] The thirtieth day, January 2, 2010, fell on a Saturday.

- 7 -

confers no special benefit upon an appellant." ***Commonwealth v. Lyons***, 833 A.2d 245, 252 (Pa. Super. 2003) (citation omitted), *appeal denied*, 879 A.2d 782 (Pa. 2005). It merits mention that Moore's brief is generally incoherent and disjointed, and it does not adhere to the Pennsylvania Rules of Appellate Procedure at some points.

Here, the PCRA court found the following:

> One of the limited exceptions to the timeliness requirement is if the defendant proves that the facts upon which the claim is predicated were unknown to the defendant and could not have been ascertained by the exercise of due diligence. 42 Pa.C.S.A. § 9545(b)(1)(ii). [Moore] asserts in his petition that his PCRA counsel was ineffective and that he should have had an evidentiary hearing. These are issues that [Moore] could have raised in an appeal of his first PCRA petition. He has waited 10 months after the dismissal of his first petition to raise these issues and is out of time.

PCRA Court Memorandum and Notice of Intent to Dismiss, 11/6/2014, at 2-3.

We agree. Furthermore, after scouring Moore's brief, we note he raises a plethora of bald allegations concerning the ineffective assistance of trial and PCRA counsel,[7] the legality of his sentence,[8] and the validity of his

---

[7] For example, he claims plea counsel, Osbourne, failed to file a direct appeal, even though he admits subsequently that he did not request counsel file an appeal. **Compare** Moore's Brief at 11a **with id.** at 14b-15a.

[8] Moore claims his sentence was illegal because he was determined to be a sexually violent predator without a hearing. However, our review of the records reveals there was a Megan's Law hearing on August 15, 2007.

guilty plea.[9]   None of his arguments qualifies under the timeliness exceptions pursuant to Section 9545.   To the extent Moore attempts to invoke the governmental interference and newly discovered facts exceptions,[10] we note that he has failed to make any assertion that he raised these exceptions within 60 days of the date when the PCRA claim could have first been brought.   *See* 42 Pa.C.S. § 9545(b)(2).

As such, we conclude Moore is entitled to no relief based upon his failure to pled and prove the applicability of a PCRA timeliness exception. Therefore, there is no basis upon which to disturb the PCRA court's denial of relief.

Order affirmed.

_____

[9]   For example, Moore asserts he was never informed of the maximum possible sentence for his offense at the guilty plea hearing.   *See* Moore's Brief at 11a.

[10]   For example, Moore fails to plead and prove when he "discovered" that PCRA counsel, Lynott, allegedly abandoned him.   *See id.* at 23b-24a. Likewise, to the extent Moore argues the Lackawanna County Clerk of Judicial Records interfered with his right to seek information regarding the status of his first PCRA petition, we note that in his brief, Moore acknowledged he received a letter from the clerk on January 30 2012, informing him only that he should contact his attorney.   *See id.* at 25a-25b. Accordingly, it bears remarking he received this letter prior to the PCRA court's dismissal of his first petition on November 14, 2013, and more than 60 days before he filed his second PCRA petition.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/24/2015